TIMOTHY J. STEEL,

     **Plaintiff,**       **Case No. 09-11658**

**vs.**            **HONORABLE DENISE PAGE HOOD**
              **MAGISTRATE JUDGE R. STEVEN WHALEN**

COMMISSIONER OF SOCIAL
SECURITY,

       **Defendant.**

_____/

### ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.  INTRODUCTION**

   This matter is before the Court on Magistrate Judge R. Steven Whalen's Amended

Report and Recommendation **[Docket No. 18, filed on April 1, 2010]**. On August 25, 2009,

Plaintiff filed a Motion for Summary Judgment and/or Remand **[Docket No. 8]**. The Defendant filed

a Motion for Summary Judgment on October 22, 2009. **[Docket No. 14]**. The Magistrate Judge

issued a Report and Recommendation on March 19, 2010. **[Docket No. 16]**. This report was

withdrawn, due to an error in Plaintiff's medical records. On April 1, 2010, Magistrate Judge

Whalen issued an Amended Report and Recommendation **[Docket No. 18]** granting the Defendant's

Motion for Summary Judgment and denying the Plaintiff's Motion for Summary Judgment.

Plaintiff's wife Katosha Steel, a non-party, filed objections to the Magistrate Judge's Report and

Recommendation on April 2, 2010 **[Docket No. 20]**. Subsequently, Defendant filed a Motion to

Strike Katosha Steel's Letter on **[Docket No. 21, filed on April 21, 2010]**.

## II.  STANDARD OF REVIEW

### A. Report and Recommendation

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his or her conclusion. *Garner v. Heckler*, 745 F. 2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference.  *Hardaway v. Secretary of Health and Human Services*, 823 F. 2d 922, 928 (6th Cir. 1987).  A district court's review of an ALJ's decision is not *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility.  *Garner*, 745 F. 2d at 397.  The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision.  *Smith v. Secretary of HHS*, 893 F. 2d 106, 108 (6th Cir. 1989).  An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F. 2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F. 2d 1147, 1150 (8th Cir. 1984)).

To preserve the right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of copy, as provided in U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right to an appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Here, Plaintiff's wife filed a timely letter objecting to the Magistrate Judge's Report and Recommendation. Defendant filed a Motion to Strike Katosha Steel's letter,

arguing that it violates Local Rule 83.20 and Michigan Compiled Laws Annotated 600.916, as Plaintiff's wife is neither a party to the litigation, nor counsel. Local Rule 83.20(i) states "[a] person must be a member in good standing of the bar of this court to practice in this court or to hold himself or herself out as being authorized to practice in this court." Although the rule provides exceptions, including one for a party proceeding in *pro per*, no exception applies to Ms. Steel. *See* LR 83.20(i). Ms. Steel's letter "on behalf of [her] husband Timothy J. Steel in rebuttal to the judgment of his recent disability case" also violates Michigan Compiled Laws, which prohibits the unauthorized practice of law. *See* MCL 600.916. For the reasons stated above, Defendant's Motion to Strike Katosha Steel's Letter is GRANTED.

Plaintiff failed to raise any objections to the Magistrate Judge's Amended Report and Recommendation within ten days as permitted under 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Plaintiff has waived any further right of appeal.

### B. Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## I.     APPLICABLE LAW & ANALYSIS

Upon review of the parties' Motions for Summary Judgment, the administrative record, and the Magistrate Judge's Report and Recommendation, the Court finds that the Magistrate Judge correctly concluded that the Administrative Law Judge's determination that Plaintiff is not entitled to social security disability benefits is supported by substantial evidence in the record.

Even if the Court were to consider Ms. Steel's objection letter, the first three objections to the initial Report and Recommendation are based upon the medical records erroneously included in the transcript that did not belong to Plaintiff. (Tr. 116-120). Those records have since been stricken, and an Amended Report and Recommendation has been issued. Having excluded those records, the Magistrate Judge reaches the same conclusion, because there is substantial evidence in the record to support the ALJ's decision that Plaintiff was not completely disabled. As the ALJ's decision was supported by substantial evidence, the decision is regarded as conclusive. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). The Court agrees with the Magistrate Judge.

Ms. Steel's remaining objections question the weight given to the various medical opinions, and the ALJ's credibility determination with respect to Plaintiff. The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great

deference.  *Hardaway v. Secretary of Health and Human Services*, 823 F. 2d 922, 928 (6th Cir. 1987).  A district court's review of an ALJ's decision is not *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility.  *Garner v. Heckler*, 745 F. 2d 383, 397 (6th Cir. 1984).  The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support  a contrary decision.  *Smith v. Secretary of HHS*, 893 F. 2d 106, 108 (6th Cir. 1989).  The Court agrees that the ALJ complied with the procedural and substantive requirements for weighing the opinions of Plaintiff's treating physician. The Court agrees with the Magistrate Judge that the ALJ's decision was supported by substantial evidence, and must be upheld.

For the reasons stated above,

**IT IS ORDERED** that the Amended Report and Recommendation of Magistrate Judge R. Steven Whalen [Docket No. 18, filed on April 1, 2010] is **ACCEPTED** and **ADOPTED** as this Court's finding and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 14, filed on October 22, 2009] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 8, filed on August 25, 2009] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Katosha Steel's Letter [Docket No. 21, filed on April 21, 2010] is **GRANTED**.

**IT IS FURTHER ORDERED**  that this cause of action is **DISMISSED** with prejudice.


                                        s/ Denise Page Hood
                                        Denise Page Hood
Dated:  July 30, 2010                   United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager